*Northern District*

A.D. No. 5550

**GEORGE S. GORDON**

v.

**COLONIAL GARAGE, INC.**

(January 5, 1962)

*Present:* Brooks, P. J. & Eno, J.

Case tried to *Harrington, J.,* in the First District Court of Essex (Salem). No. 7812.

Eno, J. This is an action of contract in which the plaintiff seeks to recover damages in the sum of five hundred thirty-six dollars and seventy-five cents ($536.75) for breach of a written contract dated October 18, 1960, under the terms of which the plaintiff was to purchase from the defendant a 1961 model 62 Cadillac. The plaintiff alleges that the defendant failed to comply with the terms of said contract, and that in purchasing the same type of motor vehicle from another source, the plaintiff sustained his alleged damages.

The defendant answered as follows:

"The defendant denies the allegations made by the plaintiff in his declaration and denies the signature on any alleged written agree-

ment relied on by the plaintiff and denies it entered into a written contract with the plaintiff and denies that defendant breached a contract to sell a car to the plaintiff.

And further answering, the defendant says that if any offer to buy was made by the plaintiff, it was subject to the condition that defendant is not liable for delays caused by the manufacturer and beyond the control of the defendant.

At the trial, the plaintiff offered in evidence a printed form headed "Car Order" (Plaintiff's exhibit 2, a copy of which is annexed to the report). The plaintiff testified that at the time he signed it, he delivered to one Bittles, a salesman for the defendant company, a one hundred ($100.) dollar check which represented a deposit by the plaintiff on account of the purchase price of the motor vehicle referred to in said document. This check was accepted by the defendant and deposited to the defendant's account on or about October 18, 1960.

There was evidence by the plaintiff to the affect that he was at all times ready to consumate the said agreement (which he alleges was represented by the document annexed as exhibit 2), and that he at no time released the defendant from the terms of the agreement.

There was evidence of several discussions between the parties subsequent to October 18, 1960, with respect to the date of delivery of a car to the plaintiff.

There was also evidence by the plaintiff

that when he received a letter dated December 3, 1960, from the defendant (shown as plaintiff's exhibit 3, a copy of which is annexed to the report), he took steps to procure a motor vehicle elsewhere; and that on January 3, 1961, he obtained the same type vehicle as he sought to purchase from the defendant from another company at a cost of five hundred thirty-six dollars and seventy-five cents ($536.75) in excess of the price plaintiff agreed to pay defendant.

Defendant, by its Treasurer, Charles D. Farmer, testified that he had delivered in October and November two vehicles of the same type as had been purchased by the plaintiff, but that the defendant had no records of when the contracts or orders for these two vehicles had been made or placed, but that the orders had been placed prior to the plaintiff's transaction. The defendant's Treasurer further testified that he attempted to obtain a car of the type desired by the plaintiff but because he was on an allotment basis with the Cadillac Company he was unable to do so.

The plaintiff made the following requests for rulings which were disposed by the trial judge as hereinafter stated:

1. On all the evidence, a finding for the plaintiff is warranted.
2. On all the evidence, a finding for the plaintiff would be warranted.
3. On all the evidence, the Court could make a finding for the plaintiff.

Requests 1, 2, and 3 are considered together — being familiar and standard requests relied upon the basis of appeal if denied. The rule of prudence would dictate their allowance, but this I refuse to do — since I interpret these requests in this and all other cases to mean "upon the fair preponderance of the credible evidence" — and since the evidence relied upon for my finding is set forth in the foregoing "memo of findings" then these three requests are denied.

4. There is sufficient evidence for the Court to make a finding that the document declared upon by the plaintiff was a valid and enforceable contract.

Denied. — see memo of findings.

5. There is sufficient evidence for the Court to make a finding that the defendant ratified the contract declared upon by the plaintiff.

Denied.

6. The defendant could not release itself unilaterally from the contract unless excused from performance by the plaintiff or by the terms of the contract.

7. There was no justification for the defendant to terminate the contract unilaterally on December 3, 1960.

Denied, there was no contract.

Correct if the instrument is a valid contract, but the Court finds that it was not.

Denied, there was no contract.

8. The plaintiff is entitled to recover the sum of $536.75.

Denied.

The trial judge made the following findings of facts:

"1.  On October 18, 1960, the plaintiff signed a printed form headed "car order" (pl Ex 2) and upon the face of which blank spaces had been filled in ink, presumably by one Bittles employed as a salesman by the defendant. Other spaces were left blank, including the car sales price, and the blanks relating to the manner in which the balance owed was to be paid. The instrument contained a description of the 1961 model 62 car which the plaintiff proposed to purchase, an acknowledgment of the receipt of a deposit of $100., a description of the car being traded in, and the figures 2750 after the words "balance due".

"2.  At the bottom of the form appears the words in print "this order is not valid unless signed and accepted by the dealer" and a line headed "accepted by", and beneath the line the words "Dealer's Signature". It was not signed by the dealer or his agent. The signature of the salesman Bittles appears on another line above the word Salesman".

"3.  It was contemplated that delivery of the new car was to be made on or before Thanksgiving 1960. Delivery not being made by that date, further extensions of time were granted, and thereafter, following several conversations between the parties, defendant wrote to the plaintiff on December 3, 1960, (pl Ex 3) stating in substance that it did not "have a car, any car, nor will I have one until January or February". With the letter, the defendant's check was returned, and the letter closed with the words "I am happy

to return your deposit and hope that perhaps we may negotiate with you in the future on the purchase of a 'Cadillac".

I find that the instrument relied upon by the plaintiff was not a binding contract until accepted by the dealer. I find that there was no such acceptance, therefore find for the defendant.

The report states that it contains all the evidence material to the question reported.

The plaintiff claims to be aggrieved by the denial of his requests for rulings 3 to 7 inclusive.

We find that there was no prejudicial error in the handling of the plaintiff's requests. Besides finding that the order never ripened into a valid contract, since it was never accepted by the dealer, it also could have been found that the plaintiff agreed to its cancellation by accepting without any protest, the return of his deposit.

The report is to be dismissed.

Louis Winer of Boston, for the Plaintiff.
William J. O'Brine of Salem, for the Defendant.